## PARKER v. WATTERS.

PRACTICE: FINDING OF COURT: ITEMS OF ACCOUNT: PREPONDERANCE OF EVIDENCE.

*Appeal from Jones District Court.*

TUESDAY, JUNE 13.

ACTION to recover the value of certain personal property which the plaintiff alleged in his petition the defendant had converted to his own use. The defendant denied the allegations of the petition and pleaded he held the property under a chattel mortgage, but no foreclosure was asked. He also pleaded a counter-claim. In a reply the plaintiff pleaded he had tendered the amount due on the mortgage, and afterward filed an amended replication. Trial to the court; judgment for the plaintiff, and defendant appeals.

*E. Keeler,* for appellant.

*Sheean & McCarn* and *J. W. Jameson,* for appellee.

SEEVERS, CH. J.—I. The first error assigned is, that judgment was rendered for the plaintiff for the value of certain specified articles of property for which no claim was made in the petition. The claim of appellant being that the conversion of said property was for the first time alleged in the amended replication. There is a dispute as to the allegations of said replication, and by ageement it has been submitted to us for inspection. We find there is a specific demand of certain items of the counter-claim, and as to the remainder of said items, it is alleged "that each and all of them have been fully paid by credits to which plaintiff is entitled, which credits were allowed and credited to plaintiff by defendant in an accounting made by defendant to plaintiff on or about June 1st, 1880. The items of such credits being as follows, to-wit:" Here follows items of account which were allowed by the court to the plaintiff as credits. The abstract states a finding of facts was made by the court. This is denied by the defendant, and what is claimed to be such finding has been submitted to us by agreement of counsel. We find it consists of two papers stating in the form of debit and credit the amounts

due each party, and a balance struck in favor of the plaintiff for which judgment was rendered. Among the items with which the plaintiff is credited, are those contained in the amended replication, and, therefore, it is claimed from such finding that the court must have concluded the plaintiff was entitled to recover therefor. It is true, in stating the account the court charged the defendant with said items. But we do not regard this as a finding of facts. It was merely the form adopted by the court to ascertain which party was indebted to the other. We would not be warranted in assuming, from what is before us, the court found as a fact the plaintiff was entitled to recover for something for which no claim was made in the petition. Error must affirmatively appear.

Now it is more reasonable to suppose the court found the allegations of the amended replication to be true. The fact is undisputed that there was an attempt made to have an accounting. At that time there was evidence tending to show the items now objected to were mentioned and agreed upon as correct, and were treated as payments made by the plaintiff to the defendant. It is true the parties afterward got into a dispute as to another matter, and the accounting was not completed. Under the evidence, however, we think the court was entirely justified in holding that as to the items agreed upon the parties were bound in the absence of mistake. This being so, the court could well have commenced in stating the account where the parties left off. While the evidence is not as clear, direct and conclusive as it might be, we cannot interfere with the finding of the court that the items now objected to were by the parties agreed upon as payments on the amount due defendant.

II. The second error assigned is, that the court erred in finding the defendant had converted certain articles of property to his use. We do not understand this error to be insisted upon in argument. The remaining error, in substance, is that the court erred in finding for the plaintiff.

No foreclosure of the mortgage was asked. It is not contained in the record, and therefore, we do not know its conditions. We infer the defendant set up as a counter-claim the amount he claimed to be due on the mortgage, and asked judgment therefor. The real contention then, between the parties was, how much, if anything, was the plaintiff indebted to the defendant on the mortgage? If nothing, then how much was the defendant indebted to the plaintiff for property belonging to the latter which the former had converted to his own use? The court found in favor of the plaintiff. This was a mere question of fact, and there was evidence tending to support the finding. It is not for us to say which way it preponderated.

AFFIRMED.